UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRGINIA CHARNEY,<br><br>Plaintiff,<br><br>v.<br><br>BATH & BODY WORKS DIRECT, INC. d/b/a BATH & BODY WORKS and/or L BRANDS, INC., JOHN DOE 1-5,<br><br>Defendants. | Civ. No. 2:20-cv-20282 (WJM)<br><br>OPINION AND ORDER ON MOTION FOR RECONSIDERATION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Virginia Charney alleges she sustained injuries after falling inside Bath & Body Works in 2018, but the present motion concerns procedural issues, not the store incident. The parties dispute whether discovery was closed or stayed—a distinction that bears on Plaintiff's request to take a Rule 30(b)(6) deposition. On February 14, 2025, following the conclusion of arbitration and Plaintiff's subsequent demand for a trial *de novo*, Magistrate Judge Cathy L. Waldor convened a teleconference with the parties to discuss next steps. During that conference, Plaintiff requested to take a Rule 30(b)(6) deposition over the objection of Defendant Bath & Body Works. Defendant argued that discovery had closed, but Judge Waldor disagreed, clarifying that it had only been stayed pending arbitration. Defendant moved to set aside Judge Waldor's ruling. ECF No. 49. This Court denied that motion by Order, which Defendant seeks to have reconsidered. ECF Nos. 53, 54. For the reasons below, Defendant's motion for reconsideration is **DENIED**.

### I. PROCEDURAL HISTORY

On December 24, 2020, this case was removed from the Superior Court of New Jersey to this Court and initially assigned to Magistrate Judge Mark Falk. ECF No. 1. Defendant filed its answer to Plaintiff's complaint on January 11, 2021. ECF No. 3. About two months later, Judge Falk held an initial pretrial conference and issued a scheduling order setting an initial discovery deadline that was subsequently extended upon request. ECF Nos. 6-7, 12. The case was then reassigned to Magistrate Judge Cathy L. Waldor. Following another request from the parties for an extension of the discovery deadline, Judge Waldor issued an order on December 3, 2021, providing: "For the reasons stated in the parties joint motion [ECF No. 15], the Court grants the parties extension requests. Fact discovery end May 31, 2022; affirmative expert reports due January 31, 2022; responsive

expert reports due March 31, 2022." ECF No. 16. Later, following a status conference held on July 27, 2022, Judge Waldor ordered that the parties "meet and confer to submit a revised scheduling order." ECF No. 20. Discovery appears to have progressed slowly, with Judge Waldor holding regular status conferences with the parties over the next few years, many of which were rescheduled.[1] ECF Nos. 16-29. Judge Waldor ultimately ordered that the parties participate in an initial settlement conference that was held on June 6, 2024, but the matter was not resolved. ECF Nos. 33, 37. A follow-up settlement conference occurred on October 2, 2024, but the parties again failed to come to an agreement. ECF No. 38. Judge Waldor then referred the matter to compulsory arbitration and issued this order:

> Discovery is closed *for the purposes of arbitration*. Parties will attend arbitration.

ECF No. 39 (emphasis added). The arbitration hearing was held on January 17, 2025, and the arbitrator issued an award. ECF No. 44. On February 2, 2025, Plaintiff, disagreeing with the arbitrator's assessment of liability and damages, filed a request for trial *de novo*, while Defendant sought permission to move for summary judgment. ECF Nos. 45, 46. On February 24, 2025, Judge Waldor held an off-the-record teleconference that set the stage for the instant motion. As Defendant's counsel recalls:

> During the February 14, 2025 telephonic conference, for the first time ever, Plaintiff's counsel orally requested the deposition of a [FRCP] 30(b)(6) witness on behalf of Defendant. The undersigned strenuously objected noting that Judge Waldor ordered fact discovery complete as of May 31, 2022 and all discovery complete as of October 2, 2024 while adding that it is axiomatic in New Jersey litigation all discovery must be complete in order for a case to proceed to Arbitration....Without a formal or informal application from Plaintiff's counsel, Judge Waldor *sua sponte* ordered that discovery be re-opened to allow Plaintiff to take a FRCP 30(b)(6) deposition of Defendant. Doc. 48. After I noted my objection, Judge Waldor instructed the undersigned to "file an appeal to Judge Martini" and that is the reason and basis for this submission.

Def. Mot. to Overturn 2-3, ECF No. 49. Meanwhile, Plaintiff's counsel recounts:

> Judge Waldor held another conference on February 14, 2025, at which time she inquired whether any additional discovery was sought. Plaintiff advised that she was seeking a FRCP 30(b)(6) deposition of Defendant. Over Defendant's objection, Judge Waldor Granted Plaintiff's request to conduct a deposition. At that time, Judge Waldor made clear that discovery was suspended so that the Arbitration could be scheduled and completed, but not closed outright.

Pl. Opp. to Mot. for Reconsideration, ECF No. 57.

On February 17, 2025, Defendant moved to overturn Judge Waldor's decision. ECF No. 49. This Court, finding no clear error in Judge Waldor's determination, denied the

---

[1] The record indicates discovery may have proceeded slowly as a result of Plaintiff's ongoing medical issues and related treatment. On September 15, 2023, at Judge Waldor's request, Plaintiff submitted a status report that documented her injuries. ECF Nos. 26, 29.

2

motion in a February 24, 2025 Order. ECF No. 53. The Order states that Judge Waldor "clarified during the [February 14, 2025] teleconference that discovery had not been closed, but was rather stayed so that the case could proceed to arbitration." *Id.* The Court then held that Judge Waldor properly granted Plaintiff's request to take one Rule 30(b)(6) deposition. *Id.* On March 6, 2025, Defendant filed the present motion for reconsideration. ECF No. 54. Plaintiff thereafter submitted an opposition brief (ECF Nos. 57, 58), and Defendant filed a brief in reply. ECF No. 60.

## II. DISCUSSION

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To succeed on motion for reconsideration, the movant "must show that the court overlooked a factual or legal issue that may alter the disposition of the matter, such as when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered." *Einhorn v. Kaleck Bros.*, 713 F. Supp. 2d 417, 426 (D.N.J. 2010) (citation and quotation marks omitted). Here, Defendant advances one basis for reconsideration: the need to correct a clear error of law and fact. Mov. Br., ECF No. 57.[2] Specifically, Defendant asserts that the Court overlooked: (1) the "firm and unambiguous" fact discovery deadline set by Judge Waldor; (2) Judge Waldor's subsequent decision to allegedly "reopen" discovery following that deadline; and (3) this Court's prior rulings in declining to reopen discovery in other cases. *Id.* In response, Plaintiff argues that discovery was not in fact closed (and never needed to be "reopened") and that the cases cited by Defendant—this Court's previous decisions denying motions to reopen discovery—are clearly inapposite. Pl. Opp. Br. 3.

As noted, the central dispute concerns whether discovery was ever formally closed. If it was, then Defendant may be correct that further discovery is improper. However, if discovery was merely stayed, then permitting a single Rule 30(b)(6) deposition would not violate any operative order. To support its position that discovery was closed, Defendant relies on two arguments. First, Defendant contends—without citing any authority—that "court rules and common litigation practice in the State of New Jersey dictate that discovery must be completed before a matter proceeds to arbitration." That assertion is inaccurate. Mov. Br. *See, e.g., Suscavage v. Nationwide Mut. Ins. Co.*, No. 05-501, 2008 WL 11366318, at *1 (M.D. Pa. Feb. 21, 2008) ("This case was stayed pending the arbitration. After the completion of the arbitration proceeding hearing, the stay was lifted, and this matter proceeded through discovery."). Second, Defendant argues that this Court overlooked "firm and unambiguous" deadlines set by Judge Waldor, including an Order directing fact discovery to close on May 31, 2022. *See* Mov. Br. While it is true that, in

---

[2] Defendant's brief in support of its motion is unpaginated.

3

December 2021, Judge Waldor ordered fact discovery to "end" on May 31, 2022, the record also reflects that the case schedule was frequently modified, with deadlines extended (some at the parties' request). *See, e.g.,* ECF Nos. 11-12, 15-16. On July 27, 2022, about two months after the initial fact-discovery "end" date, Judge Waldor ordered the parties to meet and confer in order to submit a revised scheduling order. ECF No. 21. Defendant also asserts that *all* discovery was closed as of the October 2, 2024 Order.[3] But it curiously omits the qualification in that Order that "discovery is closed *for the purposes of arbitration.*" ECF No. 39 (emphasis added). If Defendant believed that fact discovery had definitively closed on May 31, 2022, it should have sought clarification regarding the status of discovery when the October 2, 2024 Order was issued.

Based on the record, the Court cannot conclude that discovery was formally closed at any point prior to February 2025, or that Judge Waldor clearly erred in determining that discovery had been stayed—rather than terminated—when Plaintiff requested the Rule 30(b)(6) deposition. A motion for reconsideration "does not permit a court to rethink its previous decision." *Einhorn*, 713 F. Supp. 2d at 427 (quoting *Buffa v. New Jersey State Dept. of Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. 2003)). Rather, it is appropriate only where "dispositive factual matters or controlling decisions of law were presented to the court but were overlooked." *Id.* (citation and quotation marks omitted). Here, Defendant fails to identify dispositive facts or legal authority that this Court ignored. Nor does Defendant demonstrate that the Court's February 24, 2025 Order rests on a clear error. Accordingly, Defendant's motion for reconsideration is **DENIED**.

### III. CONCLUSION AND ORDER

For these reasons,

**IT IS** on this 22nd day of May 2025,

**ORDERED** that Defendant's motion for reconsideration (ECF No. 54) is **DENIED** and Plaintiff shall take one Rule 30(b)(6) deposition before a date to be decided by Judge Waldor; and it is

**ORDERED** that motions for summary judgment shall be filed only after the Rule 30(b)(6) deposition is completed, subject to any further directives the Court may issue.

/s/ *William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

---

[3] It does not appear a trial date was set.