# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **VIRGINIA CHARNEY,**<br><br>Plaintiff,<br>**v.**<br><br>**BATH & BODY WORKS, LLC et al.,**<br><br>Defendants. | No. 20-cv-20282-WJM-CF<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant Bath & Body Works, LLC's Motion for Summary Judgment, ECF No. 88 ("SJ Motion") and Motion to Preclude the Expert Report of Dr. Gubir Johal, M.D., ECF No. 87 ("Daubert Motion"). The Court declines to hold oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the SJ Motion is **GRANTED**, and the Daubert Motion is **DENIED AS MOOT**.

## I.    BACKGROUND

The core facts in this matter are undisputed and are captured by surveillance video. *Compare* ECF No. 88-10 ("SUMF"), *with* ECF No. 90 ("Opposition"), at 2-3 (admitting all but one immaterial detail of the SUMF); *see generally* ECF No. 88-7 ("Video"). On December 22, 2018, Plaintiff Virginia Charney went shopping at the Bath & Body Works store at The Mills at Jersey Gardens with a friend. SUMF ¶¶ 1, 7-8. Restocking boxes were visible throughout the store as Plaintiff entered. Opp'n 4 ¶ 4. Plaintiff was using a cane in her right hand due to surgery undertaken after a May 2016 fall injured her left foot, left ankle, and left knee. SUMF ¶¶ 4-5. After briefly browsing, Plaintiff and her friend spoke to an employee. SUMF ¶¶ 8-9; Opp'n 4 ¶ 5. To Plaintiff's left was a table with products on display, and directly adjacent to the table, on the floor, was a foot-tall square box. SUMF ¶ 9; Opp'n 4 ¶ 5. After a brief conversation, the store employee led the pair to the back of the store, walking between the box on his left and another display on his right. SUMF ¶¶ 9, 11; Opp'n 4 ¶ 7. Plaintiff's friend then turned and followed the employee, with Plaintiff directly behind. SUMF ¶ 9; Opp'n 5 ¶ 8. Unfortunately, Plaintiff (and only Plaintiff) tripped on the box with her left foot without falling to the ground, knocking some products off the table. SUMF ¶¶ 9-11; ECF No. 88-4 ("Plaintiff Deposition"), at 49:19-50:21. Plaintiff and her friend then continued to follow the employee to the back of the store. SUMF ¶ 15. Plaintiff left the store without assistance approximately five minutes after first entering. *Id.* ¶ 22.

The following day, Plaintiff visited the emergency room, was treated for ankle, wrist, and back pain, and was discharged without receiving medication, being placed in a

1

cast, or having any procedure performed. Pl. Dep. 69:21-71:25. In a post-incident report, a Bath & Body Works employee noted that one way to prevent future incidents was to "MAKE SURE NO BOXES ARE ON THE FLOOR." Opp'n 5 ¶ 11; ECF No. 88-6, at 10.

In November 2020, Plaintiff filed a one-count negligence suit in New Jersey state court, and Defendant timely removed. SUMF ¶ 2; ECF No. 1-1. More than four years later, the Court ordered arbitration, after which Plaintiff moved for a trial de novo. ECF No. 45. After some discovery motion practice, and with leave of the Court, ECF No. 82, Defendant filed the instant motions.

## II.    LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Davenport v. Borough of Homestead*, 870 F.3d 273, 278 (3d Cir. 2017) (quoting *Dougherty v. Sch. Dist. of Phila.*, 772 F.3d 979, 986 (3d Cir. 2014)). The Court considers whether the evidence "is so one-sided that one party must prevail as a matter of law," and no reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52 (1986). The movant bears the initial burden to show the basis for its motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its burden, the non-moving party must "come forward with specific facts showing that there is a *genuine issue for trial* and do more than simply show that there is some metaphysical doubt as to the material facts." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (emphasis in original and citation modified). "Bare assertions, conclusory allegations, or suspicions will not suffice." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)). To the extent there is a disputed fact "blatantly contradicted" by a clear video, the Court should "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

## III.    DISCUSSION

As explained below, there is no genuine issue of material fact that the box on which Plaintiff tripped was *not* a dangerous condition, and it was obvious to a reasonable observer. The record—including the clear Video—shows that no reasonable jury could find otherwise. Because the Court has jurisdiction under 28 U.S.C. § 1332(a), New Jersey law applies. *Otos Tech Co., Ltd. v. OGK Am., Inc.*, 653 F.3d 310, 312 (3d Cir. 2011).

To prevail on her negligence claim, Plaintiff "must establish four elements: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (citation modified). The parties here do not dispute that Plaintiff was a business invitee, so Defendant owed her a duty of "due care

2

under all the circumstances." *Jeter v. Sam's Club*, 271 A.3d 317, 324 (N.J. 2022) (quoting *Prioleau v. Ky. Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J. 2015)); Mot. 6; Opp'n 4 ¶ 1. Still, premises liability only attaches where the dangerous condition "involves an unreasonable risk of harm." *Longo v. Aprile*, 865 A.2d 707, 710 (N.J. Super. Ct. App. Div. 2004) (citing Restatement (Second) of Torts §§ 342-43 (A.L.I. 1965)). Additionally, premises liability does not attach "for injuries attributable to dangers that are obvious or as well known to the user of the lands as to the possessor." *Lokar v. Church of the Sacred Heart, Mt. Ephraim*, 133 A.2d 12, 14 (N.J. 1957).

In the Motion, Defendant argues that there is no genuine issue of material fact as to three issues: (1) whether the box was a dangerous condition; (2) whether the box was obviously visible; and (3) whether Defendant had actual or constructive notice. *See generally* Mot. The Court considers each argument in turn.

A.    Dangerous Condition

First, Defendant argues that the box on the floor is not a dangerous condition. Mot. 6-8. Plaintiff counters that the box was obscured from her point of view, and the Defendant's incident report[1] demonstrates that the box was hazardous. Opp'n 10.

Under New Jersey law, not every object that could cause an injury is a dangerous condition. *See Connors v. Wal-Mart Stores Inc.*, No. 17-cv-09390, 2020 WL 2899193, at *5 (D.N.J. June 3, 2020) ("Simply because Plaintiff tripped and fell over the subject sign does not make the sign's existence or its placement in this case unreasonably dangerous or hazardous as a matter of law."). Instead, the dangerous condition must pose an "unreasonable risk of harm" by virtue of "the combination of a defect in the property itself and the acts of third parties." *Longo*, 865 A.2d at 710.

Defendant relies heavily on *Brooks v. Wal-Mart Stores, Inc.*, a case in which the plaintiff hit his foot on a shoe bench that stuck into a narrow aisle as he was maneuvering past shopping carts that partially blocked his path. 854 F. App'x 422, 424 (3d Cir. 2021); Mot. 6-7. The *Brooks* court held that there was no genuine issue of material fact that a shoe bench, a clothing aisle, and a couple of unattended shopping carts partially blocking the aisle were *not* dangerous. *Id.* at 426. Although *Brooks* is not binding,[2] its reasoning is persuasive, as these ordinary objects—like the instant box—were at most minor defects that did not create a substantial risk of injury, even if the aisle were cluttered or the objects were protruding slightly. *Id.* at 426-27.

---

[1] Although not raised by Defendant, the Court notes that the post-incident report is likely inadmissible under Federal Rule of Evidence 407. *See Talsania v. Kohl's Dep't Store*, No. 05-cv-03892, 2009 WL 1438232, at *3 (D.N.J. May 20, 2009) (recognizing that Rule 407 prevents using post-incident remedial measures to establish that a dangerous condition exists); *Gibson v. Northfield Sch. Dist.*, 815 F. Supp. 3d 324, 332-33 (D.N.J. 2025) (same).

[2] *See* 3d Cir. I.O.P. 5.3, 5.7 (stating that not precedential opinions are not binding).

Moreover, there is no evidence that the box was "improperly installed or maintained, defectively designed, or hidden from view" but was instead "self-evident" to anyone browsing in the Bath & Body Works. *See Longo*, 865 A.2d at 710 (finding the danger from a drip ledge hanging off the roof to be "self-evident" where there was no evidence of a defect and where the ledge was clearly visible). Although Plaintiff points to a case under Pennsylvania law, *Morris v. Gimbel Bros., Inc.*, Opp'n 9-10, there was non-speculative testimony in that case suggesting that the boxes on which the plaintiff tripped were obscured from the public, unlike here, where the Video clearly shows multiple other patrons and employees walking by the plainly visible box without incident. 394 F.2d 143, 144-45 (3d Cir. 1968); ECF No. 92 at 2.

Furthermore, while New Jersey "case law is replete with cases involving slip-and-fall accidents occasioned by objects that—had they been noticed—were clearly visible and would most likely have been avoided,"[3] there is a difference between a clear plastic clothes hanger on the floor of an aisle where it certainly did not belong, as in *Braboy*, and a restocking box directly adjacent to a table with goods. *See Braboy v. United States*, No. 16-cv-03105, 2018 WL 2002789, at *1, 7 (D.N.J. Apr. 30, 2018) (collecting cases where a reasonable factfinder could find an errant string bean, loose grapes, and a yogurt-like substance left in the middle of an aisle to be dangerous). As the Video shows (and Plaintiff does not dispute), multiple others—including the store employee and Plaintiff's friend—walked by the box without tripping or otherwise injuring themselves. SUMF ¶ 9.

Lastly, there is no genuine factual dispute that the box was present on the store floor for restocking purposes, as permitted under Defendant's policy. SUMF ¶ 26; Opp'n 14. To recognize a restocking box as a dangerous condition could inhibit businesses from restocking their goods during a busy holiday shopping period, or could require them to close to do so safely, contravening the cost-benefit foundation of tort law. *See People Exp. Airlines, Inc. v. Consol. Rail Corp.*, 495 A.2d 107, 117-18 (N.J. 1985) ("If negligence is the failure to take precautions that cost less than the damage wrought by the ensuing accident, it would be unfair and socially inefficient to assign liability for harm that no reasonably-undertaken precaution could have avoided." (citation modified)).

Based on all these considerations, the Court concludes that there is no genuine issue of material fact that the box was not dangerous; no reasonable jury could otherwise.

B.    Obviousness

Second, Defendant argues that the box was obvious to all customers, so it cannot constitute a dangerous condition. Mot. 8-9. Plaintiff counters that while the box "may have been visible to some people, it was not seen by Ms. Charney." Opp'n 11.

---

[3] Even though this is not a slip-and-fall case because Plaintiff did not fall, SUMF ¶¶ 14-15, Defendant did not argue the lack of causation in the SJ Motion despite scant non-conclusory proof that Plaintiff's trip (without an accompanying fall) was the cause of her injuries. *See generally* ECF No. 87-10.

In New Jersey, a defendant landowner is not generally liable for obvious conditions. *See Lokar*, 133 A.2d at 14 ("The possessor of land is not liable to one rightfully on the premises for injuries attributable to dangers that are obvious or as well known to the user of the lands as to the possessor."); *Torres v. Ospina*, No. A-2974-21, 2023 WL 6843532, at *4 (N.J. Super. Ct. App. Div. Oct. 17, 2023) ("[A] landowner's duty to invitees does not require the elimination of hazards which are open and obvious to the invitee"). Nevertheless, an obvious condition could still present unreasonable danger when (1) "people would not in fact expect to find the condition where it is" or (2) where people "are likely to have their attention distracted as they approach it." *Zentz v. Toop*, 222 A.2d 290, 294 (N.J. Super. Ct. App. Div. 1966).

Here, there is no dispute that the box was not obscured or hidden. Opp'n 4 ("Also visible is a shorter box."); *see, e.g., D'Alessandro v. Hartzel*, 29 A.3d 1112, 1116 (N.J. Super. Ct. App. Div. 2011) (affirming grant of summary judgment and noting the "visual prominence" of a change in elevation); *Jimenez v. Applebee's Neighborhood Grill & Bar*, No. A-2247-13T2, 2015 WL 893236, at *4-5 (N.J. Super. Ct. App. Div. Mar. 4, 2015) (affirming a grant of summary judgment by noting the "self-evident" danger posed by a plate of sizzling hot food); *Andiorio v. Andiorio*, No. A-4063-11T2, 2013 WL 425154, at *5 (N.J. Super. Ct. App. Div. Feb. 5, 2013) (affirming grant of summary judgment based on the "obvious" tripping hazard of a vacuum hose on the floor of a home). No exception to the rule barring liability applies, as a restocking box located directly next to a display table is exactly where people would expect to find it. Plaintiff cannot claim that she was distracted by the store employee leading her to the back of the store when both that employee and her friend walked right past the box without tripping. SUMF ¶ 9. Moreover, whether Plaintiff subjectively saw the box is irrelevant because the box was objectively visible and not obscured. *See Vega by Muniz v. Piedilato*, 713 A.2d 442, 447 (N.J. 1998) (recognizing that negligence involves an objective standard). Therefore, there is no genuine issue of material fact that the box was obviously visible.

### C. Notice

Finally, the parties dispute whether there is a genuine issue of material fact as to whether Defendant had notice of the box. Mot. 9-11; Opp'n 14-16. The Court, however, does not need to resolve this issue because, as discussed, the box itself was not dangerous, and it was obvious to store patrons (as evinced by the store employee who did not trip over it as he led Plaintiff and her friend to the back of the store).

## IV. CONCLUSION

For the reasons set forth above, the SJ Motion is **GRANTED**, and the Daubert Motion is **DENIED AS MOOT**. An appropriate Order follows.

DATE: July 27, 2026

WILLIAM J. MARTINI, U.S.D.J.

5